## J. H. TANT v. JAMES M. SMITH.

**Trial — Evidence — Motion to Exclude:**
> On motion made by plaintiff, after testimony is closed, to exclude evidence in regard to indorsement of certain notes and written contract, it is discretionary with the court as to whether another witness shall be introduced to testify on such subject-matter and to produce the notes.[1]

Tant was judgment creditor of Georgia Anne and Rufus Collins, the latter being usee for William Collins, in sums of $56 and $139.75 respectively. He suggested writs of garnishment against John Perkins and Ella Perkins, as debtors of defendants. Perkins answered that he had bought a piece of land from defendants and that he had given his notes for $600 in payment of same.

---

**1**

It is in the discretion of the court to allow a witness to be examined after the cause has been argued and the jury charged. Witherspoon v. Cain, Walk. 407.

Generally, additional witnesses should not be allowed after the evidence is closed, but the court may admit them in furtherance of justice; but this is a matter of discretion, for which an appellate court would not reverse, except in an extreme case, where the injustice committed by a departure from the rule was manifest and great. Hoover v. Pierce, 4 Cush. 627.

The order of introducing testimony is within the discretion of the trial court. Error cannot be predicated of this unless the discretion is abused. Myrick v. Wells, 52 Miss. 149.

Except where secondary evidence is offered and the absence of the original must first be accounted for, the court will not control the order of the introduction of testimony. Davany v. Koon, 45 Miss. 71.

Evidence competent for any purpose should not be excluded on a general objection. Mississippi Mills v. Smith, 69 Miss. 299, 11 So. 26.

Where an objection to evidence is in its nature such as may be obviated, it must be specific, so as to allow opportunity to supply its place if the objection be sustained, otherwise the objection will not be noticed in this court. Heard v. State, 59 Miss. 545.

In an action to recover of a telegraph company for loss caused by delay of certain telegrams between plaintiff and a broker, giving directions as to the purchase and sale of stocks, where the only evidence as to the loss is, in general terms, that by the delays plaintiff lost certain sums, which he paid, a verdict for plaintiff therefor will not be set aside where defendant failed to require of the witness a more explicit statement as to how the delays of the telegrams caused the loss. Telegraph Co. v. Littljohn, 72 Miss. 1025, 18 So. 418.

George C. Paine, J. M. Smith, and Clorinda Collins prayed to be made parties to the suit as claimants to the money garnished, and set up in their petition that the notes were given to Clorinda Collins, William Collins, and Rufus Collins; that Clorinda Collins owned a one-fourth interest in said notes, and that the balance was due to Paine and Smith who were purchasers of same, and that such notes were duly transferred before garnishment process; that garnishees were residents of Lowndes county and had no notice of the transfer of the said notes; that the notes then were in possession of claimants, and that garnishee's answer was untrue and that he was not indebted to defendants. Claimants asked to be allowed to traverse garnishee's answer. The court granted claimant's petition, whereupon garnishee filed an amended answer in accordance with the facts alleged by claimants.

Clorinda Collins propounded her claim for one-fourth of the proceeds of the notes and said that Tant had no judgment against

In its discretion, the court may permit a plaintiff to reopen his case and prove the value of property for the conversion of which he sues. Railroad Co. v. Bolls, 62 Miss. 50.

Where, on the trial of a claimant's issue, plaintiff in attachment closes without introducing the judgment against the defendant, and claimant moves for a peremptory instruction because of the omission, it is reversible error to refuse plaintiff leave then to introduce the judgment. Meacham v. Moore, 59 Miss. 561.

At the conclusion of the trial, as the jury retired, plaintiff excepted to a ruling of the court as to how much of defendant's affidavit for a continuance setting out the testimony of an absent witness was in evidence. Thereupon, the witness having arrived, the judge, of his own motion, recalled the jury and stated that he would allow the witness to testify and exclude the affidavit and, in the interest of justice, would reopen the whole case, for additional evidence, argument, and instructions on either side. The affidavit was excluded, and the witness testified on behalf of the defendant. This action of the court was proper, and is to be commended. Royston v. Railroad Co., 67 Miss. 376, 7 So. 320.

. Where the attorney in an action against a railroad for failing to maintain cattle guards (Code 1892, § 3561) inadvertently failed to show that plaintiff's land was crossed by the road and was inclosed, or such evidence, though admitted, was not disclosed by the stenographer's notes, the court should have allowed plaintiff, at the close of defendant's evidence, to recall a witness to testify to such facts. French v. Canton, A. & N. R. Co., 74 Miss. 542, 21 So. 299.

Where plaintiff withheld an important witness until the defense closed, and then offered him on the main facts, such action, though very bad practice, and capable of working great injustice, was not, of itself, sufficient to cause reversal. Southern Ry. Co. v. Hays, 78 Miss. 319, 28 So. 939.

her. J. M. Smith propounded his claim for three-fourths of the proceeds of the notes alleged by him to have been purchased for a valuable consideration without notice from the makers; and that he was indebted to George C. Paine in the sum of $140 for attorney's fees, and that after extinguishing his debt to Paine the balance should be paid to him, Smith, except the one-fourth interest of Clorinda Collins. Plaintiff traversed the claims of Clorinda Collins and J. M. Smith, and moved to strike from the files the claim propounded by Clorinda Collins because it was sworn to by Paine as attorney instead of by the claimant herself. This motion was overruled.

There was judgment for Clorinda Collins and J. M. Smith for one-fourth and three-fourths, respectively, of the proceeds of the notes, whereupon plaintiff appealed to the Supreme Court.

APPEALED from Circuit Court, Monroe county, J. W. BUCHANAN, Judge.

Affirmed, January 18, 1886.

*Attorneys for appellant, Clifton & Eckford.*

*Attorneys for appellee, G. C. Paine, R. E. Houston, and G. Q. Buchanan.*

Brief of Clifton & Eckford:

\* \* \* We will dismiss assignments of errors Nos. 2, 3, and 4, together. The defendant claimed that the notes had been assigned to him by indorsement. Plaintiff supposed they would be introduced in evidence and made no objection at the time to parol proof of the written transfer.

When defendant closed without introducing the notes, plaintiff demanded them before entering upon the cross-examination of J. M. Smith. The court declined to compel defendant to produce the notes, but said we might prove their contents.

No prescribed notice is required to be given by statute, but on notice given it is made the duty of the court to order either party to give to the other, for inspection, any papers in their possession relating to the merits of the action.

Here, good cause was shown, and notice had been given; and the papers demanded related to the merits of the action. The only discretion left to the court under this statute was the *time* within which he would require the production of the notes. The notes were in the possession of George Paine, the attorney, on his person in the court, and he should have been ordered peremptorily to produce them. The defendant's attorney had no right to withhold these notes, the withholding of them during the cross-examination of J. M. Smith was in violation of plaintiff's rights, and prevented a full and fair investigation of the case. After the cross-examination was over, and defendants had closed their case, plaintiffs moved to exclude all that part of J. M. Smith's testimony showing a written transfer of said notes.

" The court overruled the motion, but said unless the defendant produced the notes he would in effect charge the jury to find for plaintiff."

This testimony of J. M. Smith's, proving a written transfer of the notes, was incompetent testimony, and was admitted under the impression that the notes would be given in evidence, but as soon as we saw our rights were to be disregarded and that the notes were not to be in evidence, then we moved to exclude this secondary evidence. We submit to the court that, under such circumstances, we lost no right by not objecting to this incompetent testimony at the time it was offered. That in our efforts to obtain the notes, which we never despaired of until the case was closed, this secondary end will be treated as though it had gone to the jury over our objections, and that our motion to exclude properly presented the legal question. Then at this point, there is no doubt but what the court below erred in not excluding the parol testimony of the written transfer. Greenleaf on Evidence, § 84. * · * *

Our motion should have been sustained; instead of this, the court of its motion reopens the case, which had been closed. * * *

The court had at a previous stage of the proceedings excluded all testimony of the contents of the written contract executed by J. M. Smith, except the fact that there was a written agreement for sale of land, etc. Our motion, made after the case had closed, sought to exclude also that fact. But the court reopened the case and permitted George Paine to go upon the stand, give his version of the transfer of the notes, prove the loss of this written contract, and the loss of it. * * *

The charge given for defendant marked No. 1 is doubly erroneous. It is directly the converse of the law given to plaintiff in charge No. 6.   *   *   *

For the law of the case, appellant's counsel cited the following authorities: Bump on Fraudulent Conveyances, pp. 286, 294, 296, 248, 229; Young *v.* White, 25 Miss. 146; Bump on Fraudulent Conveyances, pp. 244, 232, 234; Stovall *v.* Bank, 8 S. & M. 306; Bank *v.* Douglass, 11 S. & M. 469.

Brief of Paine, Houston, and Buchanan, on motion to dismiss, for appellee, Clorinda Collins, claimant:

*   *   *   The bill of exception taken in this case, and no objection to the ruling of the court either in his judgment overruling the motion, or his final judgment, nor a motion for a new trial in the cause.   *   *   *

There is no appeal bond for the Clorinda Collins judgment. Code 1880, § 2326.

When Clorinda Collins filed her claim, and issue was taken upon it, it was a suit within itself, separate and distinct from J. M. Smith, claimant, as replevin or trial of right of property. Atkinson *v.* Foxworth, 53 Miss. 741–747.

The case being separate and distinct from the suit of J. M. Smith, claimant, the two causes cannot be embodied in the same appeal. In fact J. H. Tant, the appellant, only petitions for an appeal from the Smith judgment, and gives bond accordingly. And while a record may be incumbered with much surplusage in such cases, and subject all parties to labor in culling out the improper objections, still we hope in this cause we have been enabled to do so, and ask that our motion to dismiss the appeal taken in the case of Clorinda Collins be sustained.

Brief of Paine, Houston & Buchanan:

*   *   *   The testimony has been fairly put before the court, pro and con, as between Smith and Tant. The jury believed Smith, as any one would who heard the two men testify.   *   *   *

On the cross-examination of J. M. Smith, the plaintiff proved that there was a written contract made by him for the transfer of the notes, which was in substance that he was to convey eighty acres of land to William and Rufus Collins when their interests in

the notes were paid; that he then delivered the writing to G. H. Paine for them and had not seen it since. Appellant then demanded the production of the written contract. No notice, it seems, had been given by plaintiff for the production of the written contract or the notes. And it appears that the court made no error in its rulings on this subject from the fact that before the cause was submitted to the jury it was shown that the written contract for the conveyance of the land had been delivered to G. C. Paine for the Collins' and it was further shown by Mr. Paine that he had examined his papers to find the contract and after proper search could not find the same. It was the duty of the court to see if the paper could be produced, and if not, then it was competent for either party to make proof of this fact, and then of the contents of this writing. It does not appear that any testimony on this subject was improperly submitted to the jury.

The court did not err in overruling that part of plaintiff's motion " to exclude all that part of J. M. Smith's testimony which tended to show a written transfer on the back of the notes," since this written transfer was not all the evidence that went to show that the notes had been transferred, as Smith had repeatedly testified that all the parties interested in the notes had in person confirmed and ratified the trade not only by word of mouth but by delivery of the notes to him. The court made no error in permitting Mr. Paine after claimant had closed his testimony to testify as to the facts by him stated. The court will always exercise this power at any period before verdict to effect the ends of justice. The sound discretion of the judge regulates its exercise. 　 * 　 * 　 *

As to the law in the case, counsel for appellee cited the following authorities: Brister v. Rutland, 683; Russell v. Watts, 41 Miss. 602; Irwin v. Hume, 50 Miss. 419; Madwell v. McGhee, 53 Miss. 687; Mandel v. McClure, 14 S. & M. 11; Fulton v. Woodmen, 54 Miss. 158; Vicksburg v. Craig, 31 Miss. 216; Winstead v. Davis, 40 Miss. 785; Code 1880, §§ 1124, 1683; Story on Promissory Notes, § 11; 2 Greenleaf on Evidence, § 16; Baker v. Byron, 2 S. & M. 193.

OPINION.—ARNOLD, J., delivered the opinion of the court:

We find nothing in the record to warrant us in disturbing the conclusion reached in this case in the lower court.

On conflicting testimony the jury found the simple issue of fact for appellee, and construing the instructions together, we think they fairly announced the law of the case.

On the motion made by the appellant, after the testimony was closed, to exclude the evidence in regard to the indorsement of the notes, and the written contract, it was matter of discretion with the court to allow another witness to be introduced by appellee, to testify on these subjects, and to produce the notes.

If the testimony of this witness or the production of the notes suggested that further examination of appellee or any other witness was necessary or proper, application should have been made by appellant to do so. The judgment is affirmed. The motion of Clorinda Collins to dismiss the appeal as to her is overruled. The record shows no appeal from the judgment in her favor.

*Affirmed.*